## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**BLAIR NATIONWIDE TRUCKING COMPANY, INC**

Debtor

Case No: 07-51982-tit

Chapter: 11

Hon: Thomas J. Tucker

_____

## PLAN & DISCLOSURE STATEMENT

## PLAN OF REORGANIZATION

The Debtor, Blair Nationwide Trucking Company. Inc. ("Blair") proposes the following Plan of Reorganization pursuant to Chapter 11 of the Bankruptcy Code of 1978, as amended.

ARTICLE 1

DEFINITIONS

The purposes of this Plan or Reorganization ("Plan"). the following terms shall mean: 1.1

ALLOWED CLAIM shall mean a Claim:

(a) in respect of which a proof of claim has been filed with the Court within the applicable period of limitation fixed by Bankruptcy Rule 3003 unless objected to by the debtor **or**

(b) scheduled in the list of creditors prepared and filed with the Court pursuant to Rule 1007 (b) and not listed as disputed, contingent or unliquidated as to amount. in either case as to which no objection to the allowance thereof has been interposes within any applicable period of limitation fixed by Rule 3003 or an order of the Court, or as to which any such object to appeal or certiorari proceeding and as to which no appeal or certiorari proceeding is pending.

1.2_ ALLOWED SECURED CLAIM shall mean an Allowed Claim secured by a lien, security interest or other charge against or interest in property in which Debtor has an interest, or which is subject to setoff under II U.S.C. 553. to the extent of the value (determined in accordance with 11 U.S.C. 506 (a)) of the interest of the holder of such Allowed Claim in the Debtor's interest in such property or to the extent of the amount subject to such setoff. as the case may be.

1.3. CLAIM shall mean any right to payment, or right to an equitable remedy forbreach of performance if such breach gives rise to a right to payment or right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured. disputed_ undisputed, legal, secured or unsecured.

1.4. CLASS shall mean any class into which Allowed Claim or Allowed Interests are classified pursuant to Article II

1.5. CLASS I CLAMS, CLASS 2 CLAIMS, CLASS 3 CLAIMS and CLASS 4 shall mean the Allowed Claim so classified in Section 3.01 - through 3.04 of this Plan.

1.6. CODE shall mean the Bankruptcy Code, 11 U.S.C. 101 et seq., as amended.

1.7. CONFIRMATION DATE shall mean the date upon which the Order of Confirmation is entered by the Court.

1.8. COURT shall mean the United States Bankruptcy Court for the Easter District of Michigan, in which the Debtor's Chapter 11 case, pursuant to which this Plan is proposed, is pending and any court having competent jurisdiction to hear an appeal or certiorari proceeding therefrom.

1.9. DEBTOR shall mean the Blair Nationwide Trucking Company. Inc. the debtor in the Chapter 11 case.

1.10. DISTRIBUTION ACCOUNT shall mean the consideration to be distributed to holder of Allowed Claims on the Distribution Date (and the corresponding. consideration payable to holders of Claims and Interests which have not been allowed as of the Distribution Date) and any account or accounts into which such consideration has been deposited.

1.11. DISTRIBUTION DATE shall mean the date upon which the Order of Confirmation is no longer subject to appeal or certiorari is then pending and on which date all of the conditions to the effectiveness of the Plain expressly set forth in the Plan have been satisfied fully or effectively waived.

1.12. FISCAL YEAR shall mean the fiscal year of Debtor and its Subsidiaries, which is the twelve month period ending December 31.

1.13. INDEBTEDNESS as applied to the Debtor shall mean:

>all indebtedness or other obligations of the Corporation for borrowed money or for the deferred purchase price of property of services; all indebtedness of others, secured or unsecured. directly or indirectly guaranteed. endorsed, or discounted with the recourse by the Debtor, or in respect of which the Debtor is otherwise directly or indirectly liable, including without limitation, indebtedness in effect guaranteed by the Debtor through any agreement (contingent or otherwise) to purchase, repurchase or otherwise acquire such indebtedness or any security therefore, or to provide funds for the payment or discharge of such indebtedness (whether in the form of loans, advances, stock purchases, capital contributions or otherwise), or to maintain the solvency or any balance sheet or other financial condition of any obligor of such indebtedness, or to make payment for transformation or services regardless of the non delivery or non-furnishing thereof

1.14 ORDER OF CONFIRMATION shall mean the order entered by the Court confirming the Plan in accordance with the provision of Chapterl 1 of the Code, which order is no longer subject to appeal or certiorari proceeding and as to which no appeal or certiorari proceeding is pending.

1.15 PERSON shall mean an individual. corporation, partnership. joint venture, trust. estate, unincorporated organization, or a government or any agency or political subdivision thereof.

1.16 PETITION DATE shall mean June 20. 2007. the date on which Debtor filed its Chapter 1 1 petition with the Court.

1.17 PLAN shall mean this Chapter 1 1 Plan, as amended in accordance with the terms hereof or modified in accordance with the Code.

1.18 PRO-RATA shall mean with respect to any holder of Plan Debt in the same proportion that the amount of such Plan Debt bears to the aggregate amount of the Plan Debt.

1.19 RULES shall mean the Federal Rule of Bankruptcy Procedure, as amended and supplemented by such Interim Bankruptcy Rules and Local Rules as are adopted by the Court.

ARTICLE II

**ADMINISTRATION AND PRIORITY CREDITORS**

GROUP I

Unless otherwise ordered by the Court, the administration expenses of the Debtor's Chapter 11 case allowed pursuant to 11 U.S.C. 503 (b) and each Allowed Claim entitled to priority pursuant to 11 U.S.C. 507 (a) (2) shall be paid in full in cash on the Distribution Date upon their ordinary terms as agreed or as soon thereafter as is practicable. Only Counsel fees estimated to be less than $7,000.00 are known to be in this category.

GROUP II

This group shall include Priority Tax Claims of the Internal Revenue Service in the amount of $9,154.66, the State of Michigan in the amount of $1,853.09, the Michigan Unemployment Insurance Agency in the amount of $646.42 and several Pennsylvania Courts for drivers Tickets in the total amount of $1,705.00. This Group , excepting only the Internal Revenue Service which shall be paid as a class one creditor, shall be paid at the rate of $900. per month for 4 months without interest (total debt is approximately $4,254.51)

ARTICLE III

**CLASSIFICATION OF CLAIMS AND INTERESTS**

The Claims and Interests are classified as follows:
3.1. CLASS 1 shall include the Allowed Secured Claims of the Internal Revenue Service of the United States in the amount of $124,370.75
3.2 CLASS 2.Class 2 shall include the Unsecured Claims under $4,000.00 and all claims of parties willing to reduce their claims to $4.000.00. The number of these claims will depend on the number of parties *electing* to he treated in this class but should he between 4 and 6.
3.4. CLASS 3. Class 3 shall include the undisputed Unsecured Claims not included in Class 3. It is estimated that said class totals $57.908.32.
3.5 CLASS 4. Class 7 shall include the insider claim of the shareholder of the debtor, Shelia Rene Blair. This claim is an interest claim that is Shelia 'Rene Blair's shareholdings in the debtor.

ARTICLE IV

**TREATMENT OF CLAIMS AND INTERESTS**

4.1. CLASS 1 The Class 1 (and IRS Class 2 Claims) The claims of the Internal Revenue Service, an impaired crediltor, willbe paid at the rate of $2,000.00 per month for four months and $2,900.00 per month until paid with interest at the rate of 6%.
4.2 CLASS 2 The Class 3 Claims are impaired and will be paid without interest at the rate of 40% of their allowed claim within 90 days of confirmation
4 3 CLASS3The Class3 claims are impaired and will he paid 40% of their allowed claims over *five* years on a quarterly basis from confirmation beginning in 2008.
4.4tCLASS 4. The Class 4 Claims are subordinated to unsecured claims and shall receive no dividend under this plan. The shareholder shall retain her shareholdings.

**RETENTION OF JURISDICTION**

The Court shall retain jurisdiction of this Chapter II case pursuant to and for the purpose set forth in 11 U.S.C. 1127 (b) and to:

(a) hear and determine objection to Claims,
(b) fix allowances of compensation and other administration expenses allowable under the Code:
(c) hear and determine cause of action by or against the Debtor arising prior to the commencement of or during the pendency of this proceeding;
(d) hear and determine disputes arising under or relating to this Plan;
(e) hear motions by the debtor to modify the plan
(f) for such other matters as may he set forth in the Order of Confirmation or as may be appropriate under the Code.

ARTICLE V

**EXECUTORY CONTRACTS**
61 ASSUMPTION OF (CERTAIN EXECUTORY CONTRACTS. Debtor hereby assumes its June 2007contract for lease of four trailers for storagewith Pace Trailers of Byron Center, Michigan

ARTICI,E VI

**DEFAULT**

7.1. Upon any default in performance by the debtor under the plan which shall continue for 60 days of the mailing of a written notice of default by the creditor, such creditor may exercise all rights and remedies available under non-bankruptcy law for the collection of its entire claim and/or seek appropriate relief in this Court.

7.2. In the event or a conversion of this case to a Chapter 7 proceeding all property of the Debtor. Debtor-in-Possession or Reorganized Debtor, including all property which will revest in the Reorganized Debtor pursuant to confirmation of the plan of reorganization and all property acquired by the Reorganized Debtor subsequent to plan confirmation shall be property of the Chapter 7 estate.

8.1 HEADINGS. The headings in the Plan arc for convenience of reference only and shall not limit or otherwise affect the meaning hereof.

8,2 NOTICES. All notices required or permitted to be made in accordance with the Plan shall be in writing and shall be delivered personally or by facsimile or other telegraphic means or mailed by registered or certified mail, return receipt requested:

(a) *If* to the Debtor at 2103 Videto Ln. Jackson, Michigan, 49202, with a copy to Debtor's counsel. Richard F. Fellrath, 4056 Middlebury Dr. Troy. MI 48085.

(b) If to a holder of an Allowed Claim or Allowed Interest, at the address set forth in its proof of claim or proof of interest or if none. at its address set forth in the Debtor's schedules prepared and filed with the Court.

(c) Notice shall be deemed given when received. Any Person may change the address at which it is to receive notices under the Planby sending written notice pursuant to the provisions of this paragraph 5.2 to the Debtor. with a copy of Debtor's counsel.

PARAGRAPH AND ARTICLE REFERENCES. Unless otherwise specified, all references in the Plan to Paragraph and Articles are to Paragraphs and articles of the Plan.

8.4. RESERVATION OF RIGHTS. Neither the filing of this Plan, nor any statement or provision contained herein, nor the taking by any creditor of any action with respect to this Plan shall (a) be or be deemed to be an admission against interest and (h) until the Distribution Date. he or be deemed to be a waiver of any rights which any creditor might have against Debtor or any of its properties or any other creditor of Debtor, and until the Distribution Date all such rights are specifically reserved. In the event neither this plan nor any statement contained in it, may he used or relied upon in any manner in any suit. action, proceeding or controversy within or outside of the reorganization case involving Debtor

## DISCLOSURE STATEMENT

Debtor submits this Disclosure Statement pursuant to Section 1125 of the Bankruptcy Code (11 USC Sec. 101 et seq.) to all known holders of a Claim against it. Debtor has filed the Plan with the United States Bankruptcy Court for the Eastern District of Michigan. Southern Division, a copy of which accompanies and precedes this Disclosure Statement.

FUNDING

> Funding will he from Debtor's operations and the rental of trailers utilized for storage.

I. DESCRIPTION OF THE DEBTOR

A) Structure-The Debtor is a Michigan Corporation, owned 100% by Shelia Rene Blair

B) Business: The debtor operates an interstate trucking company located at 2103 Videto Ln. Jackson Michigan 49202. The business was established in 1999 and operates in 36 states mostly east of Texas. The Debtor operates with 3 trucks. The debtor hauls all freight except for hazardous waste. The Debtor presently does not haul freight for the Automobile industry. There is extensive competition. The Debtors principal customers are Roth Fabrication, 4 Way, SDS and C.H. Robinson.

C) Assets: The debtor owns and operates three Trucks, a 1989 Volvo, **and** two Freightliners **1996 & 1997**). In addition the debtor owns and leases for storage 9 trailers (1986-96).There arc also 4 trailers rented by the debtor and used for storage for hire. There is also equipment and office equipment worth approximately $1,500.00.

D) Principals: Shelia Rene Blair, the President, resides in Jackson Michigan with her husband who operates the business. Shelia prepares the company's books and acts as dispatcher for the company. Shelia completed High School and has taken courses at .Jackson Community College and Baker College. Donald Blair acts as general manager for the Debtor. Donald completed High School. Shelia's income in 2006 from the business has been $1,055. per month in the form of day care expenses and mortgage payments on her residence no other pay or benefits were paid to Shelia. Donald Blair has taken no income from the and received no benefits from the business durring the Chapter 11 proceeding or during 2006. The principals personally guaranteed the disputed debt of OORC Leasing Corp. and the Pace Rental agreement.

E) The *filing* was required because of the seizure of the Debtor's accounts receivable by the IRS (Approximately $12,000.00) which did not allow the Debtor to continue operations.

II. Post petition event's of Significance

**Pursuant** to a Cash Collateral agreement entered August 9, 2007. $1.500.00 per month has *been* paid to the Internal Revenue Service. There is presently pending litigation with O0RC Leasing, LLC in Steuben Superior Court in Indiana (Case No 761)01-050l-CC-55). No other litigation is planned at this time. There have been no post petition transfers outside the ordinary course of business.  .

Future Actions:  It is contemplated that Debtor will lease additional vehicles early in 2008. It is also envisaged that the Debtor will begin to factor accounts receivable to allow for a more regular income. Donald Blair may also become an owner operator, that is, obtain a truck and operate it as other drivers for the company, at the rate of 90 cnets per mile plus fuel costs. .

Claims: Claims are as set forth **in the plan** and total approximately $124,370.00 as secured. $13.409.17 as priority and $68,445.90 (not including disputed claims) as unsecured. Debtor may seek to estimate some claims for voting purposes.

III Liquidation Analysis:

A)    Valuation:

| | |
|---|---|
| Real Estate and buildings | 0 |
| Vehicles and trailers | $35,750. |
| Accounts receivable | $22,184.68 |
| Inventory (Average) | 0 |
| Office Equipment | 5500.00 |
| Shop Equipment | $2,000.00 |

Liabilities:

| | |
|---|---|
| Secured Claim of IRS | $124,370.75 |
| Priority Claims | $13.409.17 |

Total Administrative Expenses
            Estimated Counsel fees          $10.000.00

Total                          <$87,345.24>

Unsecured Creditors: $68,445.90; No dividend for unsecured creditors on liquidation.

B) Risk Factors:
        Debtor must continue its present level of operation and successfully obtain leases of vehicles from a related party to increase its income. Debtor must also factor its receivables in order to obtain a steady stream of income. The values of vehicles and other assets are based on owner estimates, no appraisals have been made of the asets. All vehicles were purchased "used".

C) Potential Claims and Causes of Action:  Legal action with OORC
                Leasing ,LLC

D) Administrative E.xpenses: It is expected that a fee application will be presented by counsel for approximately $5,000.00. Note: It is expected that Counsel for a Trustee would have to expend additional funds to acquaint himself with the file and file additional documents thus the additional amount for Counsel fees on liquidation. No other valid administrative expenses are known.

IV. (A) <u>Financial Information-Prepetition</u>

|  | 2005 | 2006 | 1516 Months. 2007 |
|---|---|---|---|
| Income | $ 523,48700 | $ 595.021.00 | $ 221,206.77 |
| Expenses | $ 626,824.00 | $ 597,732.00 | $ 212,993.92 |
| Net Income | $<103,337.00 > | $ <2,711.00> | $ 8.136.35 |

B. During Chapter 11

|  | July | August | September |
|---|---|---|---|
| Income | $ 26.988.59 | $ 39.480.43 | $ 35,979.55 |
| Expenses | $ 21,683.47 | $ 34,958.29 | $ 34,779.70 |
| Net Income $ | $ 5,292.62 | $ 4,522.14 | $ 1,199.85 |

See attached for detail

See attached for complete statement

C. Profit Projections*:

| Jan 2008 | Feb 2008 | Mar 2008 | Apr200 | May 2008 | Jun 2008 |
|---|---|---|---|---|---|
| $1.939. | $ 2,306. | $ 2,306. | $ 2.306. | $ 5.890. | $ 5,890. . |

| Jul 2008 | Aug 2008 | Sep 2008 | Oct. 2008 | Nov. 2008 | Dec. 2008 |
|----------|----------|----------|-----------|-----------|-----------|
| $ 5.890. | $ 3,091. | S  3.091. | $ 3,091, | $ 6,312. | 5 6,312. |

| 2009 | 2010 | 2011 | 2012 |
|------|------|------|------|
| $36,000. | $36.000. | $36,000. | $36.000. |

*See attached for complete projections

D. The U.S. Trustee fees shall be paid upon the confirmation ,

E. Future operations:  The present owner will continue operations her salary will be $2,500.00 per month.

F. Tax ramifications:  Unsecured Creditors may be entitled to a "bad debt" deduction for any part of the debt which is discharged. there are no other foreseeable tax consequences.

V Legal Requirements

A. Voting Procedures

Under the Bankruptcy Code, the only classes that are entitled to vote to accept or reject a plan are classes or claims, or equity interest. that are impaired under the plan. Accordingly classes of claims or interests that arc not Unpaired are not entitled to vote on the plan.

Creditors that hold claims in inure than one impaired class are entitled to vote separately in each class. Such a creditor will receive a separate ballot for all of its claims in each class (in accordance with the records of the Clerk of the Court) and should complete and sign each ballot separately. A creditor who asserts a claim in more than one class and who has not been provided with sufficient ballots may photocopy the ballots received and file multiple ballots,

Votes on the plan will he counted only with respect to claims: (a) that are listed on the Debtor's Schedules of Assets and Liabilities other then as disputed, contingent or unliquidated: or (b) for which a proof of claim was filed on or before the bar date set by the Court for the filing of proofs of claims (except for certain claims expressly excluded from that bar date or which are allowed by Court order).  However any vote by a holder of a claim will not he counted if such *claim* has been disallowed or)s the subject of an unresolved objection, absent an order of the Court allowing such claim for voting purposes pursuant to 11 U.S.C, section 502 and Bankruptcy Rule 3018.

Voting on the plan by each holder of a claim or interest in an impaired class is important. After carefully reviewing the plan and disclosure statement, each holder of such a claim or interest should vote on the enclosed ballot either to accept or to reject the plan and then return the ballot by mail to the debtor's attorney by the deadline previously established by the court.

Any ballot that does not appropriately indicate acceptance or rejection of the plan will not be counted.

A ballot that is not received by the deadline will not be counted.

If a ballot is damaged, lost, or missing, a replacement ballot may be obtained by sending a written request to the debtor's attorney.

    B.   Acceptance

The Bankruptcy Code defines acceptance of a plan by an impaired class of claims as ,) acceptance by the holders of at least two-thirds in dollar amount. and more than *one-half* in number, of the claims of that class which actually cast ballots. The Bankruptcy Code defines acceptance of a plan by holders of at least two-thirds in number of the equity interests of that class that actually cast ballots. If no creditor or interest holder in an impaired class votes, then that class has not accepted the plan.

    C.   Confirmation

11 U.S.C. section 1129 (a) establishes conditions for the confirmation of a plan. These conditions are too numerous and detailed to be fully explained here. Parties are encouraged to seek independent legal counsel to answer any questions concerning the Chapter 11 process.

Among the several conditions for confirmation of a plan under 11 U.S.C. section 1129(a) arc these:

1. Each class of impaired creditors and interest must. accept the plan. as described in paragraph V.B above.
2. Either each holder of a claim or interest in a class must accept the plan, or the plan must provide at least as much value as would be received upon liquidation under Chapter 7 of the Bankruptcy Code.

    D. Modification

The debtor reserves the right to modify or withdraw the plan at any time before *confirmation.*

    E. Effect of Confirmation

If the plan is confirmed by the Court,its terms are binding on the debtor. all creditors, shareholders and other parties in interest, regardless of whether they have accepted the plan.

_.c/ Richard F. Fellrath_
Richard 1" Fellrath (P13365)
Attorney for Debtor
4056 Middlebury Dr.
Troy, ME 48085
(248) 519-5064

_.s/ Shelia Rene Blair_
Shelia Rene Blair
Debtor in Possession

## -11- Blair Nationwide T1uckuig TiComp:-iny Monthly Cash Plan **for 2008**

| | Jan | Feb | Mar | A pr | Ma y |
|---|---|---|---|---|---|
| Income Co | $35,006.50 | $56.410 40 | $ 56 410 40 | 56,410.40 | 71,013 00 |
| Incnrme Cont | | 513.101 00 | $ 13 101 | $ 13,101.00 | 21,950.00 |
| Tral:er income | 1 6,580.00 | $ 6,500 00 | $ 6,500 | 6,500.00 | $ 6,500 00 |
| Total income | **$42,506.5** | **$76,011.40** | **$** | 76,011.40 | 99,463.00 |
| Variable E³p | | | | | |
| Fuel | $13,558.00 | $21,693 00 | 21 693.00 | 21,093 **00** | 27 117 00 |
| Tires | 344 | $ | $ 551 | 551.00 | 688 00 |
| Em^ployee Leasing | $ | $⁴6,052 00 | $ 16,052 | 16,052.00 | 10,315.00 |
| Repa⁹s | 5 1,3⁷/ | S 2,203.00 | 2,203 00 | 2,203 CO | 2,753.00 |
| Equipment Rental | $ 1,320 | $ | 1,650 00 | 1,650.00 | 2,310.00 |
| 09 Lithe | $ 350 | $ | S 400 | 400 00 | 400.00 |
| Tolls | S 229 | $ 367 | 367 00 | 367.00 | S 459 00 |
| Taxes | | S - | $ | | |
| M:sc Ded | $ 1,000 | $ | 1,000 00 | $ 1,000 00 | 1,000.00 |
| Work Comp | - | | $ | S | $ |
| Contract Pay | $ | $11,163.00 | 11,153 00 | $ 11,153.30 | 21,628.00 |
| Total Variable | **$28,585.0 0** | **$55,069.0 0** | **$ 55,069.** | 55,069.00 | $ 76,170.00 |
| Semi Fixed E'xpenca | | | | | |
| Co Veil:6e Fxp | S | $ | **345** 00 | 345.00 | 345 00 |
| Office &A^plies | s ".50 | ²⁴⁵ 0 S | 150 00 | 5 100.00 | S 100 00 |
| Ciutside Services | $ 500 | $ | 50000 | 500 00 | 500 00 |
| Telephone | $ 700 | $ 500 | 500 OD | 500 00 | 50C 00 |
| re:afit Claims | $ | $ | 100 00 | 00 . 00 | 100 00 |
| | $ 1,845.00 | $ | $ 1,595 | $ | 1,595.00 |
| Fixed Expence | | | | | |
| Rent | $ 96'5 | $ 955 00 | 965.00 | S 965.00 | S 965.00 |
| Bank Discount Fne | - | $ 2,325 DO | S 2 | S 2,325 f10 | $ 3.219 00 |
| Ins, Other | S | $ | 3,100.00 | $ 3.100 00 | $ 3.100 00 |
| Payments | S 2,300.00 | $ 7 300 00 | S 5 2.300 | 2.300 00 | 2,300.00 |
| Total Fixed Expence | $ 4,065.00 | $ 7,540.00 | $ 7,540. | S 7,540.00 | 9,584.00 |
| Personal | | | | | |
| Salenes Owners | $ 2,500 00 | $ 7,500 00 | $ 2,500 | 5 2,500.00 | $ 2.500 00 |
| Other Saleries / Wages | $ 3,206 00 | 3,200.0 | 3,200 0 | $ 3,700.00 | $ 32.00 00 |
| Total Personel | $ 5,700.00 | $ 5,700.00 | $ 5,700.0 0 | $ 5,700.00 | 5,700.00 |
| Taxes | S 4,250.61 | $ 3,800.57 | S 3,800.5 7 | S 3,800.57 | 5,223.15 |
| Contract Miles | 0 | 9870 | 9870 | 98⁷0 | 19140 |
| Company %Mos | 22945 | 36712 | 36717 | 3671? | ⁴5+390 |
| Net Profit | S | $ 2,306.83 | $ | S 2,306.83 | $ 5,890.85 |

| Jun | Jul | Aug | Sep | Oct | Nov | |
|---|---|---|---|---|---|---|
| $ | 71,013.00 $ | 71,013.00 $ | 71,01300 | 71,013  01  $ | 71,013 DO  $ | 69,870 00 |
|  | 21,950.00 $ | 21,950.00 | 21,950 00 $ | 21,950  00  $ | 21,950.00  5 | 25,284 00 |
| $ | 6,500.00 S | 6,500.30 | 6,500.00  $ | 5  500  011  $ | 6.500.00 $ | 6,500 00 |
|  | 99,463.00 $ | 90,463.00 | 99,463.00  $ | **99,463.00 $** | 99,463.00  $ | 101,654.00 |
|  |  |  |  |  |  |  |
|  | 27.117.00   $ | 27,117.00 | 27:17.00  • | 27,117.00 | 27,117.00  $ | 27,117 00 |
|  | 503.00 | 688.00 | 588.00 | 1,147 00 | 1,147.00  $ | 1,141.00 |
|  | 1.98¹5.00 | *.0815 00. | 19,915 00  $ | 9,815 OC | 19,815.03  $ | 19.81t. 0• |
|  | 2,753 00  S | 2,753.00 | 2,753  00  • | 2.753  00 | 2,75300  S | 2.75300 |
|  | 2,310.00 | 2,310.00 | 2,31000 | 2,31003 | 2,310.00  $ | 2,310.00 |
|  | 400  00 | 400.00 | 800.0C | 7000:0 | 700.00  $ | 350.00 |
|  | 459.00 | 459.00 | 1,377 00  • | 1,377.00 | 1,377.00  $ | 459.00 |
|  |  |  |  |  |  |  |
|  | 1,000.00 $ | 1,000.00 $ | 1,000 00 $ | 1.000 00 $ | 1,000.00 $ | 1,000 00 |
| $ |  |  |  |  |  |  |
|  | 71,628.00 $ | 21,628.02 $ | 21,128 00 $ | 21,528.02 $ | 21,628 00  $ | 21,628 00 |
|  |  | 76,170.00 $ |  |  |  |  |
|  | 76,170.00 $ |  | **77,480.00** $ | 77,847.00 $ | 77,847.00  S | 76,579.00 |
|  |  |  |  |  |  |  |
|  | 345  00  $ | 345  00 | 345.00 | 3 45  0 0 | 345 00 | 345.00 |
|  | 150.00  5 | 150  DO | 150  00 | 150 00 | 150.00 | 15 0 00 |
|  | 500.00  S | 500.00 | 500.00 | 530.00 | 500 00 $ | 500 00 |
|  | 300  00  5 | 300.00 | 500  00 | 500 00 | 500.00 S | 500.00 |
|  | 1C0.00 $ | 100  00 | 100.00 | 190.00 S | 100 00 | 100 00 |
|  | **1,595.00** $ | 1,595.00 | **1,595.00** | 1,595.00 | **1,595.00 $** | 1,595.00 |
|  |  |  |  |  |  |  |
|  | 565.00     $ | 965  00  $ | 965.00  $ | 966.00 $ | 985 00 5 | 985 00 |
|  | 3,210.00   $ | 3,210.00  $ | 3,219.00  $ | 15  00  5 | 3.219.00 3 | 3,219 00 |
|  | 3,100  00  $ | 3,100  00 $ | 3,100.00  $ | 3,100.00   S | 3,100.00  5 | 3,100 00 |
|  | 2,300.00 $ | 2,300 00 $ | 2,300 00 $ | 2,300.00 | 2.300.00 | 2,300 00 |
|  | **9,584.00 S** | **9,584.00 $** | **6,365.00 5** | **6,365.00 5** | 6,385.00 $ | 6,385,00 |
|  |  |  |  |  |  |  |
|  | 2,:700 nn $ | 2,500 00 $ | 2,500.00 S | 2.500,00 5 | 2.500 00  S | 2.500 GO |
|  | 3,209 CO $ | 3.200 00 S | 3,200 00 S | 3,200.00 S | 3,200 00  S | 3,200 00 |
|  | 5,700.00 $ | **5,700.00 $** | 6,700 00 5 | 5,700_00 $ | **5,700.00 $** | **5,700.00** |
|  |  |  |  |  |  |  |
|  | **5,223.15 $** | **5,223.15** $ | **5,223.15 $** | **5,223.15** $ | 5,223.15 5 | 5,082 70 |
|  |  |  |  |  |  |  |
|  | 19140 | 19140 | 19140 | 19140 | 10140 | 19140 |
|  | 45890 | 4:3890 | 45890 | 45290 | 45890 | 4  0 |
|  | 5,890.85 $ | **5,890.85 $** | 3,091.85 $ | **3,091.85** $ | 3,091.85 $ | 6,312.30 |

Dec

    59.870.00
    'z.5.284.00
    6.500 00
      $101,654.00

  27  117.00
  1   147  00
  1981500  00
  2!53.90
  2,310.00
    350    00
    459 00

  1.000.00

  21 628     00

  76,579.00

    345.00
    150 00
S    500 00
    500.00
      109 00
      1,595.00

    905  no
  3    719.90
  3,100.0:
  2,300 no

    6,385.00

  7.5)00 00
  3,200.00

    5,700.00

    5,082.70

    1 9 1 4 0
    4 5 8 9 0
    6,312.30

|  | 2009 | 2010 | 2011 | 2012 |
|---|---|---|---|---|

Blair Nia1ionwide Trucking Company
Yearly Cash Plan

|  |  | 2009 | 2010 | 2011 | 2012 |
|---|---|---|---|---|---|
| income Co | $ | 842,540 04 S | 837,284 8S $ | 552.287.3⁴ S | 867.552.37 |
| Income Cont. | $ | 316,269 36 S | 321,$04 07 S | 294,692.09 S | 333,165.70 |
| Traier ,come | $ | 78.060.00 | 79.365.00 S | 80.753.89 I, | 82.167 08 |
|  |  | $ 1,236.809.40 | $1,235,453 93 $ | 1,227,733.32S | 1,252,885.21 |
| Variable Exp |  |  |  |  |  |
| Fuel | $ | 345.404.30 $ | 377.031.51 S | 368.336 18 $ | 390.309.35 |
| Ives |  | 8.'256.00 $ | 8,256.00 | 8.256 00 S | 0,256.00 |
| Employee Leasing |  | 225,780.00 | 245 780.00 S | 255.790.00 S | 265,810 00 |
| Repairs | $ | 33.036.00 $ | 33 036.00 $ | 33.036 00 | 33.036 00 |
| Equipment Rental | $ | 27 720.00 S | 27 531 40 | 7(.443.49 | 27,206.27 |
| Del Lube | $ | 4.800 00 $ | 4 81\0.30 | 4,800 00 | 4.800 00 |
| Tolls |  | 5,508.00 | 5,528 OD | 5,508 00 | 5,508 00 |
| Taxes |  |  |  |  |  |
| Misr. ❑r-7.' |  | 26,400.00 | 26,400.00 | 26.400 00 | 26,400.00 |
| Work Comp |  |  |  | S |  |
| Contract Pay | $ | 259,526.00 S | 259,536 00 S | 259 536 00 S | 259,536 00 |
| Total Variable | $ | 936,440.00 $ | 987,928.91 $ | 989,107.67 | $ 1,020,961.62 |
| Semi Fixed Expe•nce |  |  |  |  |  |
| Co. Vehicle EXD | $ | 4,140 OC $ | 4,14000 $ | 4,140 00 5 | 4,140 00 |
| Office Sup♣lies | $ | 1,800 00 5 | 1,800 00 $ | 1 800 00 5 | 1,800 00 |
| Outside cervices | 5 | 6,000 00 $ | 6.000.00 $ | 6,000 00 S | 6,000 |
| Teleptio.rn | $ | 5,000 CO S | 6,000 00 S | 5,000 00 | 6,000 00 |
| Freiᵍht Clainis | $ | 1,200 00 5 | 1,200 00 | 1.20D 00 $ | 1,200 00 |
|  | $ | 19,140.00 $ | 19,140.00 $ | 19,140.00 $ | 19,140.00 |
| Fixed Expence |  |  |  |  |  |
| Rent | $ | 11.340.00 5 | 11,550 00 $ | 11,820.00S | 12,060 CO |
| Bank Discount Fee | $ | 38628.00 $ | 38,628.00 | 38,628.00 $ | 38.628.00 |
| Ins_Other | S | 37,260.00 5 | 37,200 OD 3 | 37,200.00$ | 37,200 CO |
| Payments | $ | 27,600.00 | 27,600.00 S | 27,600.00 5 | 27,600.00 |
| Total Fixed Expence | $ | 114,768.00 $ | 115,008.00 | 115,248.00 $ | 115,488.00 |
| Personal |  |  |  |  |  |
| Saienes Owners | S | 30 000 00 5 | 30 000.00 S | 30.000.00 $ | 30.000.00 |
| Otheᵉ Saleries / Wages | 5 | 38,400 00 $ | 33,400.00 5 | 38,400.00 | 38,400.00 |
| Total Personel | $ | 68,400.00 $ | 68,400.00 S | 68,400.00 $ | 68,400.00 |
| Taxes | $ | 36,000,00 $ | 36,000.00 $ | 36,000.00 5 | 36,000 00 |
| Contract Miles |  | 220680 | 229680 | 229680 | 229680 |
| Company Miles |  | 550580 | 550580 | 550680 | 550680 |

Blair Nationwide Trucking

# Blair Nationwide Trucking

## Profit & Loss
**June 20 through July 31, 2007**

|  | **Jun** 20 - Jul 31, 07 | % *1 Income |
|---|---|---|
| Ordinary Inc ornerE pensa |  |  |
| Income |  |  |
| Muting Freight | 19,093 **86** | 70 7% |
| Trailer Repaus | 7.004.93 | **293%** |
| Total Income | **26.966** 59 | 100.0% |
| Gross Profit | 26,968 59 | 1000% |
| Expense |  |  |
| Auternotnle Expense | 649.54 | 24% |
| Bank Service Charges | 304.9$ | 1 1% |
| Credit Card Fees | 1000 | 00% |
| Dues and Subscnptions | 300.00 | 1 1% |
| !Nag-anent Rent Ai | 1,320.00 | 4.9% |
| NV/ | 8,4e1.13.o | 31 5% |
| In &mance | 3.603.20 | 13.0% |
| Leased **Employee FRIDeeme** | 1,534.75 | 6.7% |
| Licenses and Permits | 28.00 | 0.1% |
| Managarnen1 Fees | 1,273.06 | 4 7% |
| WiscelIanentis | 30.00 | 0.1% |
| Office Supplies | 149.04 | 06% |
| Parts and Supplies | 1,115.82 | **4.1%** |
| PcyrWl ExPedise1 |  |  |
| Gross Wages | 2.75861 | 10.2% |
| Total Payroll Expenses | Z759.81 | 102% |
| Postage and Delivery | 18,65 | 0.1% |
| Rent | 92S.00 | **3.4%** |
| Repairs |  |  |
| Equipment Repairs | **46.00** | 0_2% |
| Total Ftepairs | 45,00 | 0.2% |
| Scales | 73.00 | 0.3% |

# Blair Nationwide Trucking

| | | |
|---|---|---|
| Service Charge | 7.50 | 0.0% |
| Shop Parts | 266 61 | 1.0% |
| Taxes | | |
| Fuel | 220.69 | 0.6% |
| Federal | 8.18 | 0.13% |
| Total Taxes | 226.87 | 0 8% |

r.
CO

Blair Nationwide Trucking

**June 20** through **July 31, 2007**

| | Jun 20 - Jul 31, 07 | % 01 Income |
|---|---|---|
| Tefephone | 316 00 | 12% |
| Tires | 32.7e | (1 1% |
| Tolls | 163 00 | 0.6% |
| Uniform Rental | 500.00 | 1 Se% |
| Utilities | 1 8200 | U. 1% |
| Total Expense | 21,e1153,41 | 80.3% |
| **Net Ordinary Income** | 5,305.12 | 10.7% |
| Other Inc ofnelExperKe | | |
| Other Expense Other Expenses | 12 50 | 00% |
| Total Other Expense | 250 | 0.0% |
| **Net Other Income** | -1250 | -0.0% |
| Net FnC)07114' | **5,292.92** | **19.6%** |

# Blair Nationwide Trucking

## Profit & Loss
### August 2007

|  | **Aug** 07 | V. of Income |
|---|---|---|
| Ordinary |  |  |
| Income/Expe |  |  |
| Hauling Freight | 34.233.87 | 86 7% |
| Trailer Repairs | 5,248.56 | 13.3% |
| Total Income | 39,480 41 | 100 0% |
| Gross | 39,480.43 | 100 0% |
| Profit |  |  |
| Expense |  |  |
| Automobile Expense | 445 07 | 1.1% |
| Bank Service Charges | 192 50 | 0 5% |
| Dues and | 300 00 | 08% |
| Equipment Purchase | 2,000 00 | 5 1% |
| Equipment Rental | 2,670.00 | 6 8% |
| rubt | 13,037 69 | 33.0% |
| insurance | 403 76 | 1 0% |
| Licenses and Permits | 25.00 | 0.1% |
| Management **reel** | 1,638 79 | 4.2% |
| Office Supplies | 39 80 | 0t% |
| Parts and Supplies | 2,586 06 | 6,6% |
| Payroll Expenses |  |  |
| Gross Wages | 6.603 93 | 17 2% |
| Total Payroll | 6,603 93 | 17 2% |
| Expenses |  |  |
| Postage and Delivery | 41 00 | 0.1% |
| Professional Fees |  |  |
| Legal Fees | 250.00 | 0.6% |
| Total Professional | 250.00 | 0.6% |
| Fees |  |  |
| Ren1 | 9 2 5 . 0 0 | 23% |
| Scales | 61 00 | 0.2% |
| Service Charge | 31 41 | 0.1% |
| Shop Parts | 172.23 | 0.4% |
| Subconlract | 663.00 | 1.7% |
| Fuel | -935.76 | -2.4% |

# Blair Nationwide Trucking

| | | |
|---|---|---|
| Federal | 1,650.00 | 4.2% |
| Total Taxes | 714.24 | 1.8% |

# Blair Nationwide Trucking

## August 2007

| | Aug 57 | % of Income |
|---|---|---|
| Telephone | 96000 | 2.4% |
| Tiros | 285 58 | 7% |
| Tolls | 143.00 | 0.4% |
| **UnIromi Rental** | 500.00 | 1 3% |
| Wash | 69_23 | **0.2%** |
| Total Expense | 34,953.29 | 1*8*9.5% |

Doc 60 Filed 11/12/07 Entered 11/12/07 14:10:55

# Blair Nationwide Trucking

| | | |
|---|---|---|
| Net Ordinary Income | 4,522.14 | 11 5% |
| Net | 4,522.14 | 11.5°,5 |

# Blair Nationwide Trucking
## Profit & Loss
September 2007

|  | Sep 07 | of Income |
|---|---|---|
| **Ordinary Income;Expense** | | |
| Income | | |
| Hauling Freight | 31,513 15 | 57.6% |
| Trader Repairs | 4,455.40 | 12.496 |
| Total **income** | 35,979 55 | 100.0% |
| | | |
| Gross Profit | 35,970 55 | 100.0% |
| Expense | | |
| Automobile Expense | 410 59 | 1 1% |
| Bank Service Charges | 574 50 | 1.6% |
| Equipment Purchase | 2,000 00 | 5.6% |
| Equipment Rental | 1,570.00 | **4.4%** |
| Fuel | 7.446 31 | 207% |
| Insurance | 29625 | **az%** |
| Licenses arid Permits | 4.771 87 | 13.3% |
| Management Fees | 1.735 24 | **At%** |
| °Mee Supplies | 104.03 | 03% |
| CIT | 250.00 | 0-7% |
| | | |
| Payroll Expenses | | |
| Gross Wages | 6,574.03 | 18.3% |
| Total Payroll Expenses | 6.574.03 | 18.3% |
| Postage and Delivery | 69.56 | 0.2% |
| Printing and Reproduction | 25.00 | 0 1% |
| Refuse Service | 10775 | 0.3% |
| Rent | 1,870.00 | 5.2% |
| Scales | 65.50 | 0.2% |
| Service Charge | 1.77 | 0.0% |
| Shop Parts | 566.45 | 16¹% |
| Subcontract | S36 21 | 1 5% |
| Taxes | | |
| Federal | 1,600.00 | A.2% |
| Total Taxes | 1.500.00 | 4 2% |
| Telephone | 754.83 | 2_1% |
| Tires | 515.06 | 1.4% |
| Toils | 200.05 | 0.6% |
| Uniform Rental | 324.00 | 0.9% |
| Utilities | 355.63 | 1 0% |
| **Wash** | 56 50 | 0.2% |
| Total Expense | 34,779.70 | 96.7% |
| Net Ordinary Income | 1.199.65 | 3.3% |

# Blair Nationwide Trucking

| | | | |
|---|---|---|---|
| Net income | | 1,199.55 | 3.3% |

| Blair Nationwide Trucking Company Yearly Cash Plan | | 2005 | 2005 |
|---|---|---|---|
| Income Co. | $ | 490,150.68 | $ 541,406.89 |
| Income Cant | | | |
| Trailer Income | $ | 71,422.70 | $ 56,961 16 |
| | S | 561,573.38 | $ 606,368.05 |
| Variable Exp | | | |
| Fue/ | | 175,105.74 | 160,136.77 |
| Tiles | | 13,536.39 | $ 9,415.81 |
| Employee Leasing | | 146,722.47 | 173,455.70 |
| Repairs | S | 35,292 54 | 56,436.94 |
| Equipment Rental | | 32,134.72 | $ 32,773.31 |
| Oil Lube | S | ,974. 47 | $ 2,164.21 |
| Tolls | | 2,764.00 | $ 2,930.05 |
| Taxes | | | |
| Misc fed | | 22,703.55 | $ 16,306.01 |
| Work Comp | $ | | $ |
| Utilities | | 2,812,35 | $ 4,065.81 |
| Total Variable | S | 433,046.23 | $ **457,684.61** |
| Semi Fixed Expence | | | |
| Co Vehicle Exp | | 3,91758 | 4,144.80 |
| Office Supplies | $ | 1, am 00 | $ 1,800.00 |
| Outside Services | | 16,150 00 | 20,192 47 |
| Telepnon e | $ | 6,785 30 | $ 6,461.85 |
| Freight Claims | $ | | $ |
| | S | 28,652.88 | 5 32,599.12 |
| Fixed Expence | | | |
| Rent | $ | 9,795 00 | $ 10,940 00 |
| Bank Discount Fee | $ | 22,493 12 | S 6,507.32 |
| Ins. Other | $ | 10,178 42 | 5 30,347 92 |

Payments

# Blair Nationwide Trucking

| | | | |
|---|---|---|---|
| **Total** Fixed Expence | | 114,768.00 $ | 115,008.00 |
| Personal | | | |
| Saleries Owners | S | 30,000.00 $ | 30,000.00 |
| Other Saleries / Wages | $ | 38.400.00 $ | 38.400.00 |
| Total Personel | $ | 68,400.00 $ | 68,400.00 |
| Taxes | | | |

# Blair Nationwide Trucking

| Blair Nationwide Trucking Company<br>Yearly Cash Plan | | 2009 | | 2010 | |
|---|---|---|---|---|---|
| Income Co. | $ | 842.540.04 | $ | 837,284.86 | $ |
| Income Cont. | $ | 316,269.36 | S | 321,604.07 | $ |
| Trailer Income | $ | 78,000.00 | $ | 79,365.00 | $ |
| | S | 1.236,809.40 | | 51,238,453 03 | $ 1,2 |
| Variable Exp | | | | | |
| Fuel | $ | 34 5.4 04. | $ | 377,031.51 | $ |
| Tires | $ | 8,256.00 | S | 8,256.00 | S |
| Employee Leasing | $ | 225,780.00 | $ | 245,780 00 | $ |
| Repairs | 5 | 33,036 00 | $ | 33,036.00 | $ |
| Equipment Rental | $ | 27,720 00 | 5 | 27,581.40 | $ |
| Oil Lube | $ | 4,800.00 | $ | 4,800.00 | 5 |
| Tolls | $ | 5,508 00 | $ | 5,508 00 | $ |
| Taxes | S | - | S | - | $ |
| Misc Ded | $ | 26,400 00 | $ | 26,400.00 | 5 |
| Work Comp | | | | | |
| Contract Pay | $ | 259,536 00 | $ | 259,536 00 | $ |
| Total Variable | 5 | 936,440.00 | $ | 987,928.91 | $ |
| Semi Fixed Expence | | | | | |
| Co. Vehicle Exp | $ | 4,140.00 | $ | 4,140 00 | $ |
| Office Supplies | $ | 1,800.00 | 5 | 1,800 00 | 5 |
| Outside Services | $ | 6,000.00 | S | 6.000.00 | $ |
| Telephone | 5 | 6.000.00 | 5 | 6,000.00 | $ |
| Freight Claims | $ | 1,200.00 | $ | 1,200 00 | S |
| | 5 | 19,140.00 | 5 | 19,140.00 | 5 |
| Fixed Expence | | | | | |
| Rent | $ | 11,340.00 | $ | i1,580 00 | $ |
| Bank Discount Fee | 5 | 38,628,00 | $ | 38,628,00 | 5 |
| Ins, Other | $ | 37,200.00 | $ | 37,200.00 | |
| Payments | $ | 27,600.00 | $ | 27,600.30 | |
| Total Fixed Expence | | 114,768.005 | | 115.008.00 | $ |
| Personal | | | | | |

## Blair Nationwide Trucking

| | | | | | |
|---|---|---|---|---|---|
| Saleries Owners | 5 | 30,000.00 | 5 | 30,000.00 | $ |
| Other Saleries / Wages | $ | 36.400.00 | $ | 38,400.00 | $ |
| Total Personel | $ | 68,400.00 | $ | 68,400.00 | S |

5